# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 22-00108 LEK-KJM
CASE NAME:     Thomas E. Marler v. Estella Derr et al.,

JUDGE:   Leslie E. Kobayashi          DATE:   9/19/2022

COURT ACTION:   EO: A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

On August 4, 2022, the Court mailed to Plaintiff an August 3, 2022 Order Dismissing First Amended Complaint with Leave Granted to Amend [ECF No. 18]. The Court instructed Plaintiff that he was required to file any amended pleading on or before September 2, 2022. The Court warned Plaintiff that a failure to file an amended pleading would result in dismissal of this suit. It appears that Plaintiff received the August 3, 2022 Order because it was not returned as not deliverable. Because Plaintiff failed to file an amended complaint by the September 2, 2022 deadline, the court concludes that he is unable to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013).

In view of Plaintiff's failure to file an amended pleading, the Court finds that the relevant factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover, allowing this action to sit idle would prejudice Defendants. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999) ("Plaintiffs' paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Finally, there are currently no less drastic alternatives available. The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal. Nevertheless, considering the totality of the circumstances and because the other factors favor dismissal, this factor is outweighed.

The Clerk is DIRECTED to ENTER JUDGMENT in favor of Defendants and against Plaintiff, dismissing this action with prejudice. Plaintiff is NOTIFIED that this dismissal

shall count as a strike under 28 U.S.C. §1915(g) unless it is later overturned on appeal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *see also Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager